RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 2/22/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JAMES A. JOHNSON (#125794) | DOCKET NO. 1:12-CV-2936; SEC. P |
| VERSUS | JUDGE DRELL |
| MICHELLE KENNEDY, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is the pro se civil rights (42 U.S.C. §1983) complaint initiated by James A. Johnson on November 15, 2012. Plaintiff was granted leave to proceed in forma pauperis on November 27, 2012. [Doc. #4] Plaintiff if an inmate in the custody of the Louisiana Department of Corrections, presently incarcerated at Winn Correctional (WNC) in Winnfield, Louisiana. He seeks monetary damages for "illegal confinement."

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Procedural and Factual Background*

Plaintiff alleges that on June 5, 2012, he asked to see Defendant Kennedy so that he could get an application for re-entry signed. [Doc. #1, p.4] Kennedy replied that she could not sign the form[1]. Plaintiff claims that Kennedy would not sign the form

---

[1] According to the Professional Clearance Form for Safe Landing, which Plaintiff submitted as an exhibit, an applicant must obtain the signature of either a licensed social worker, attending physician, or transition specialist to help determine whether the applicant is "appropriate for Safe Landing residency." In particular, the form asks the professional to state whether the applicant has any communicable diseases, whether he is physically able to work, whether he has a major Axis I mental health diagnosis, whether psychotropic medication has been recommended, whether he has a history of violent behavior or outbursts, and whether he has demonstrated a willingness and appropriateness for residency at Safe Landing.

because of his skin color. Thereafter, Plaintiff submitted a grievance regarding Defendant Kennedy, claiming that she discriminated against him based on his race. Plaintiff claims that because Kennedy would not sign his form, he is being confined illegally. He seeks compensation for illegal confinement, as well as for emotional distress and mental anguish. He also asks that Defendants Kennedy and Richardson be fired and that Warden Keith "be held accountable" for not conducting an investigation into Plaintiff's racial discrimination claims.

### *Preliminary Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. §1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998)(per curiam). Because he is proceeding in forma pauperis, his complaint is also subject to screening under §1915(e)(2). Both §1915(e)(2)(B) and §1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

Plaintiff seeks monetary damages for illegal confinement. This claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994).

Under <u>Heck</u>, a prisoner's claim for monetary damages attributable to an alleged wrongful confinement is not cognizable in federal court if a judgment in favor of the plaintiff would necessarily imply the invalidity of such confinement. <u>See</u> <u>Heck v. Humphrey</u>, *supra*. If so, the complaint must be dismissed unless the plaintiff can demonstrate that his confinement has already been invalidated or determined to be wrongful by a separate tribunal. <u>Id.</u>

In the present case, a determination that the plaintiff is entitled to monetary damages as a result of illegal confinement would necessarily imply that his confinement, or the length thereof, is wrongful and that he should be released from physical custody or that the period of his confinement should be curtailed. Since the plaintiff has failed to allege that his confinement has been invalidated or called into question in a separate proceeding, the plaintiff's claim for monetary relief under §1983 falls squarely within the holding of <u>Heck v. Humphrey</u>. Accordingly, the plaintiff's §1983 claim should be dismissed, with prejudice.

To the extent that Plaintiff seeks damages for racial discrimination, his claim fails. The Equal Protection Clause requires that similarly-situated persons be treated alike. <u>See</u> <u>City of Cleburne, Texas v. Cleburne Living Center, Inc.</u>, 473 U.S. 432, 439 (1985). To state a claim of racial discrimination under the Equal Protection Clause, a plaintiff must allege that he was treated differently than other similarly-situated individuals and

that the unequal treatment stemmed from a discriminatory purpose. Priester v. Lowndes County, 354 F.3d 414, 424 (5th Cir. 2004). A discriminatory purpose "implies that the decision maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effect on an identifiable group." Taylor v. Johnson, 257 F.3d 470, 473 (5th Cir. 2001).

Plaintiff claims that the social worker recommended a white inmate for Safe Landing placement, and that she did not recommend him because he is black. Plaintiff does not sufficiently allege that the unequal treatment he suffered stemmed from Defendant Kennedy's intentionally discriminatory purpose. See Priester, 354 F.3d at 424. Plaintiff did not allege any facts showing that Kennedy failed to sign his recommendation form specifically based on his race. See Ashcroft v. Iqbal, 556 U.S. 662 (2009)(dismissal appropriate where complaint failed to "contain any factual allegation sufficient to plausibly suggest [defendants'] discriminatory state of mind").

Plaintiff has presented only a conclusory allegation that the defendant would not sign his form recommending him for placement in the Safe Landing residency program because of his skin color. See Taylor v. Johnson, 257 F.3d 470, 474 (5th Cir.2001) (dismissing civil rights complaint because inmate did not allege any facts to demonstrate prison officials "purposefully intended to discriminate

4

against him as a member of an identifiable group"); Woods v. Edwards, 51 F.3d 577, 580 (5th Cir.1995) (denying prisoner's equal protection claim because he failed to offer proof of discriminatory intent or a specific act of discrimination).

## *Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and failing to state a claim for which relief can be granted under 28 U.S.C. §1915(e)(2)(B) and 1915A.

## *Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.**

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM

**ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of February, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE